IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KOAMI AGBOTAME, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DEKALB FARMERS MARKET, INC., ) | JURY TRIAL DEMANDED |
| ROBERT W. BLAZER, ) | |
| ) | COLLECTIVE CERTIFICATION |
| Defendants. ) | SOUGHT |
| ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Koami Agbotame (hereinafter "Plaintiff"), and files this lawsuit against Defendants Dekalb Farmers Market, Inc., and Robert W. Blazer (hereinafter collectively "Defendants"), and shows the following:

### **I.  Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Dekalb Farmers Market, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Dekalb Farmers Market, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 3000 E. Ponce De Leon Avenue , Decatur, GA, 30030. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from 11/18/2005 through 1/31/2011 as a grocery store worker.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Dekalb Farmers Market, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

The class of employees represented by Mr. Agbotame is:

All employees who worked as a grocery worker in the prior three years and were paid on a salary basis of less than $455 per week and worked more than forty hours per week and were not paid an overtime differential; and all employees who worked as a grocery worker who were paid on a salary basis and were not paid an overtime differential in the last three years; and all employees who worked on an hourly basis for more than forty hours per week and were not paid an overtime differential.

13.

Defendant Robert W. Blazer is the Manager over the entire office of Dekalb Farmers Market, Inc.. Defendant Blazer had discretion over Plaintiff's payroll and overtime compensation and engaged in a company-wide policy of not paying workers time and a half for their hours over forty.

14.

Defendant Blazer acts both directly and indirectly in the interest of Dekalb Farmers Market, Inc. and was in a supervisory position over the named Plaintiff.

15.

Dekalb Farmers Market, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant Robert W. Blazer is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

18.

Plaintiff worked for the Defendants within the past three years.

19.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

22.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VI.   Collective Action Certification

23.

The class of grocery workers is approximately 50 - 100 employees, but is unknowable to the named plaintiff.

24.

Because the company engaged in a company-wide policy and practice of not paying the overtime wage differential to all grocery workers, there are questions of law or fact common to the class.

25.

The claims or defenses of the representative parties are typical of the claims or defenses of the class.

26.

The representative party will fairly and adequately protect the interests of the class.

27.

Questions of law or fact common to all members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### VII.  Prayer for Relief

28.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant class certification;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 11th day of April, 2011.

**BARRETT & FARAHANY, LLP**

s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Koami Agbotame

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile